{¶ 19} The majority affirms the trial court's suppression of Defendant's statement during an investigative stop to the effect that Defendant had marijuana based on State v. Robinette (1997),80 Ohio St.3d 234. Because the facts in Robinette are distinguishable from the facts of this case, I would reverse the trial court's decision to suppress Defendant's confession. In Robinette, the police officer stopped the defendant's car for speeding. After checking defendant's license, he returned to the vehicle, gave the defendant a verbal warning regarding his speed, and returned his license. The officer then asked the defendant if he was carrying any illegal contraband in his car, to which the defendant responded that he was not. Despite the defendant's denial, the officer proceeded to ask the defendant if he could search his vehicle. The Supreme Court of Ohio found the officer's search of the vehicle objectionable because defendant denied having any contraband. The Robinette court found that, under the totality of the circumstances, the officer did not have articulable facts creating suspicion of illegal activity after the office received a negative answer to his initial question. *Page 16 
 {¶ 20} Here, considering the totality of the circumstances, I would hold that the officer had articulable facts creating suspicion of illegal activity sufficient to permit the officer to ask a follow-up question that resulted in Defendant's confession. Unlike the defendant in Robinette, Defendant failed to deny the initial question. Defendant did not deny that he had anything illegal in the car, as did the defendant in Robinette. The mere fact that Defendant was silent when the officer posed his initial question does not negate the officer's right to ask a follow-up question under the facts of this case. "Articulable suspicion turns on all the circumstances surrounding the actions of the suspected wrongdoer, and his suspicious behavior need only be recognizable by one versed in law enforcement." U.S. v. Byfield(C.A.6, 1991), 948 F.2d 1290, at *3, citing U.S. v. Knox (C.A.6, 1988),839 F.2d 285, 290, certiorari denied, (1989) 490 U.S. 1019. See, alsoU.S. v. Cortez (1981), 449 U.S. 411, 417-18 (noting that "terms such as `articulable reasons' and `founded suspicion' are not self-defining" and "fall short of providing clear guidance dispositive of the myriad factual circumstances that arise." Each case requires a review of the whole picture from the officer's perspective).
 {¶ 21} Here, the officer was versed in law enforcement, and his actions in this case were simply good police work. As the majority notes, up to the time of the officer's initial question, all of the men in the car were uniformly cooperative. However, that cooperative attitude was not uniform among the men as they *Page 17 
responded to the officer's routine question. Two of the men immediately denied having anything illegal in the car while Defendant did not do so. I believe that the men's responses in comparison to each other, under the facts of this case, reasonably created a suspicion in the officer's mind sufficient to allow him to ask a follow-up question. I would reverse. *Page 1